JUSTICE WHEAT,
dissenting.
¶24 I respectftilly dissent from the majority. I would hold that the American States Policy is ambiguous and, construing the Policy against the insurer, declare Bridgett covered as a “family member” under the MP and UIM sections of the Policy.
¶25 I find the facts of Hanson to be squarely on point with the facts here and would adopt the rationale of the United States District Court for the District of Montana (“Federal District Court”) in finding the language of the MP provision ambiguous. Like this case, Hanson involved a dispute between an insurer and the shareholders of a closely held corporation that held an insurance policy with the insurer. Following an automobile accident that injured one of the shareholders while a pedestrian, the shareholders argued that MP coverage should extend to them as individuals. The insurer maintained that the policy applied only to the corporation itself. The policy in Hanson, contained the exact MP language defining an insured as exists in the Policy at issue here. Both provisions define an insured as:
*317 1. You while “occupying” or, while a pedestrian, when struck by any “auto.”
2. If you are an individual, any “family member” while “occupying” or, while a pedestrian, when struck by any “auto.”
Hanson, 336 F. Supp. 2d at 1076.
¶26 The Federal District Court agreed with the shareholders. The court pointed out that throughout the policy the term “you” was used in reference to the named insured. Hanson, 336 F. Supp. 2d at 1077. For much of the policy, the term unambiguously referred to the corporation. However, in the MP coverage section, the definition of “you” was specifically modified such that it could not be reasonably understood to apply to a corporation. Hanson, 336 F. Supp. 2d at 1077. The court applied our well established principle that an ambiguity exists where the contract, taken as a whole, is reasonably subject to two different interpretations. Hanson, 336 F. Supp. 2d at 1077 (citing Farmers Alliance Mat. Ins. Co., ¶ 25). Because one part of the policy could be read such that the only insured (“you”) was the corporation, and another part of the policy could be read such that the insured (“you”) could not be a corporation, the court concluded that the policy was ambiguous and, construing the policy against the insurer, ruled that the shareholder of the closely held corporation was an insured under the policy. Hanson, 336 F. Supp. 2d at 1077.
¶27 I find the Federal District Court’s analysis to be persuasive and directly applicable to this case. The majority seeks to distinguish Hanson by pointing out that Bridgett herself is not a shareholder of Flathead Janitorial. This distinction is misplaced. Following Hanson, the MP coverage ambiguity should result in a determination that Mark and Katherine, as sole shareholders of the closely held Flathead Janitorial, are insureds under the entire Policy. Thus, Bridgett would be covered as a family member under section B(2) of the MP provision and under section 1(a) of the UIM provision, which states that “family members” are insureds for UIM coverage. Opinion, ¶¶ 15,17.
¶28 The majority also seeks to distinguish Hanson because there the insurer admitted that the MP provision was ambiguous and paid MP benefits to the shareholder as an insured. The majority quotes language from Hanson indicating that the ambiguity only existed because the insurer itself interpreted the definition of“you” differently in different sections. Opinion, ¶ 20. However, that rationale contradicts the established principle that the interpretation of an insurance contract, including whether the contract is ambiguous, is a question of law, not a question of fact. Johnson v. Centennial Log Homes & *318 Furnishings, Inc., 2013 MT 179, ¶ 25, 370 Mont. 529, 305 P.3d 781. Whether an insurance contract is ambiguous depends on the language of the contract itself, not the interpretation adopted by the insurer. As the Hanson court stated:
Taken on its own, the uninsured motorist definition of who is covered is unambiguous, and legitimately excludes coverage of individuals who are not in covered autos at the time they are injured. But the insurance policy must be read as a whole. The medical payments definition of who is covered implicitly recognizes that “you” is an individual, while the uninsured motorist definition can be interpreted as referring to the corporate “you” only. Such an ambiguity must be construed in favor of coverage.
Hanson, 336 F. Supp. 2d at 1077.
¶29 Finally, the majority’s reliance on our holding in Lee is misplaced. Though the majority characterizes the argument in Lee as “virtually identical” to that presented here, nothing in the Lee opinion indicates that the policy at issue there contained an ambiguous provision identical, or even similar, to the ambiguous MP provision present in Hanson and in this case. As I find the MP provision to be the crucially ambiguous part of the contract, its absence from the facts and analysis of Lee renders that case inapposite.
¶30 Like the Hanson court, I would hold that the Policy is inherently ambiguous, that Mark and Katherine are covered insureds under the Policy, and that Bridgett is covered asa “family member” under section B(2) of the MP provision and under section 1(a) of the UIM provision. ¶31 I respectfully dissent.